IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

GARY WAYNE DRINKARD, )
)
Plaintiff, )
)
vs. ) CV 00-J-2643-NE
)
COMMISSIONER LARRY BENNICH, )
SHERIFF STEPHEN CRABBE, CHIEF )
DEPUTY THOMAS LITTLE, WARDEN )
JON SLICK, JAIL ADMINISTRATOR )
MYRA YATES, OFFICER JENNIFER HILL, )
and OFFICER ALAN PEPPER, )
)
Defendants. )

## MEMORANDUM OF OPINION

On February 1, 2002, the magistrate judge filed a report and recommendation in the above styled case, recommending that the defendants' motion for summary judgment on the merits of plaintiff's claims be granted and that all of the plaintiff's claims be dismissed <u>with prejudice</u>. The defendants have filed objections to the report and recommendation. Plaintiff has filed no objections.

In their objections, the defendants maintain that the Court erred when it concluded that the exhaustion requirement of 42 U.S.C. § 1997e(a) did not apply because plaintiff has been released from custody. Defendants seek an order dismissing Drinkard's claims as "barred" by the provisions of 42 U.S.C. § 1997e(a). As grounds for their request, defendants reassert the claim that plaintiff failed to exhaust his available administrative remedies.

At the time he filed this lawsuit on September 19, 2000, plaintiff was incarcerated in the Morgan County Jail. He was subject to the provisions of the Prison Litigation Reform Act 42 U.S.C. § 1997e(a) which provides: "[n]o action shall be brought with respect to prison conditions under

Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Drinkard was released from custody on May 29, 2001.[1] In the first pleading received from the defendants on this action, the special report filed on August 30, 2001, the defendants argued that plaintiff's lawsuit was due to be dismissed because he had failed to exhaust the administrative remedies available to him prior to filing the action. On January 4, 2002, more than six months after his release, plaintiff filed a reply to the special report. Mr. Drinkard did not confine his challenge to the exhaustion requirement merely by contending that he was no longer in custody when the special report was filed. He offered documentary evidence in rebuttal to defendants' "failure to exhaust defense" by submitting copies of grievance forms that clearly reflected that he had tendered grievance forms to appropriate jail authorities with respect to most of his complaints while he was incarcerated. While some, but not all, of those grievance forms were submitted after the amended complaint was filed on December 29, 2000, all such grievances were tendered prior to August 30, 2001, when the defendants filed their special report in which they first asserted the affirmative defense of a failure to exhaust. Although served with Mr. Drinkard's reply, the defendants did not challenge plaintiff's evidentiary submissions in any fashion. Indeed defendants failed to even acknowledge plaintiff's evidence that he had, in fact, filed grievances with jail authorities. Given the clear state of the record, the magistrate judge then considered the merits of plaintiff's claims, as defendants alternatively demanded, apparently assuming in the absence of any response from defendants, that they had apparently conceded that plaintiff had complied with the exhaustion requirement of the PLRA. The result of the review of plaintiff's claims, on the merits, was a recommendation that the

---

[1]   The PLRA does not impose an "exhaustion" requirement on a litigant not in custody at the time of the commencement of his action since the PLRA is only applicable to persons in custody at the time they file a lawsuit. *Harris v. Garner*, 216 F.3d 970, 980 (11th Cir. 2000); *Kerr v. Puckett*, 138 F3d 321 (7th Cir. 1998).

defendants' motion for summary judgment be granted and the plaintiff's claims be dismissed with prejudice.

The question now raised by defendants' objections presents at best, an evidentiary issue as to whether or not the plaintiff had exhausted his administrative remedies. On the one hand, if the plaintiff had exhausted his administrative remedies, as the current state of the unrebutted evidence strongly suggests, his claims are due to be dismissed with prejudice on the merits. In the alternative, if the plaintiff had not exhausted his administrative remedies his claims would be due to be dismissed without prejudice to the refiling of his lawsuit. *See Harris v. Garner*, 216 F3d 970, 980 (11th Cir. 2000), *citing Zehner v. Trigg*, 952 F.Supp. 1318, 1335 (S.D.Ind. 1997). The defendants' assertion that Mr. Drinkard's claims are forever barred, by some unexplained operation of law, is simply wrong. Defendants cite *Harris v. Garner, supra*, for the proposition that such claims are "barred" when the holding of *Harris* makes clear that such claims only are to be dismissed without prejudice until exhausted. Moreover, the *Harris* court did not consider the effect of the subsequent release of the plaintiff nor of a grievance submitted after the filing of the complaint but prior to the before any responsive pleading of the defendants. Here, the defendants unequivocally sought consideration of the merits of the plaintiff's claims. The magistrate judge recommended that the plaintiff's claims be dismissed with prejudice. No purpose would be served by accepting defendants' current curious assertion that plaintiff's claims should be dismissed without prejudice, only to be re-filed with the same unrebutted evidence presently in the record establishing that the claims are indeed exhausted.

Having carefully reviewed and considered *de novo* all the materials in the Court file, including the report and recommendation, and the objections filed by the defendants, the Court is of the opinion that the objections of the defendants should be overruled and the magistrate judge's

report ADOPTED and his recommendation ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 22 day of February, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE